## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. |
| | ) | |
| v. | ) | Count One: 18 U.S.C. § 371 |
| | ) | (Conspiracy) |
| | ) | |
| LEVONDA J. SELPH | ) | Count Two: 18 U.S.C. § 201 |
| | ) | (Bribery) |
| Defendant. | ) | |
| | ) | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the

United States of America and the Defendant, LEVONDA J. SELPH, agree as follows:

#### Plea and Maximum Sentence

1.    The Defendant is entering into this Agreement and is pleading guilty freely and

voluntarily without promise or benefit of any kind, other than contained herein, and without

threats, force, intimidation, or coercion of any kind. The Defendant knowingly, voluntarily, and

truthfully admits the facts contained herein as set forth in Paragraph 8.

2.    The Defendant agrees to plead guilty to a two-count Information charging her

with one count of conspiracy in violation of 18 U.S.C. § 371 and one count of bribery in

violation of 18 U.S.C. § 201. The Defendant admits that she is guilty of these crimes, that she is

pleading guilty because she is guilty, and that she understands that she will be adjudicated guilty

of these offenses.

3.    The Defendant understands the nature of the offenses to which she is pleading

guilty and the elements thereof, including the penalties provided by law. The maximum penalties

for Count 1 charging her with a violation of 18 U.S.C. § 371 are five (5) years of imprisonment

and a fine of $250,000; the maximum penalties for Count 2 charging her with a violation of 18

U.S.C. § 201 are 15 years of imprisonment and a fine of $250,000 or not more than three times

the monetary equivalent of the thing of value demanded, sought, received, or accepted. The

Defendant also understands that the Court may impose a term of supervised release to follow any

incarceration in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of

supervised release is at least two years but not more than three years. The Defendant also

understands that the Court may order the Defendant to pay restitution to the victims and require

her to pay the costs of incarceration and supervision, and that she will be required to pay a

mandatory special assessment of $100 per count of conviction.

    4.    If the Court accepts the Defendant's pleas of guilty, and the Defendant fulfills each

of the terms and conditions of this Plea Agreement, the United States agrees that it will not

further prosecute the Defendant for crimes arising from the facts set forth in Paragraph 8 or in the

Information. This paragraph does not apply to any "crimes of violence," as that term is defined

by 18 U.S.C. § 16, or to any offenses which the Defendant failed to disclose fully to the

Government. The Defendant also understands that this Plea Agreement affects only criminal

charges and shall not be construed, in whole or in any part, as a waiver, settlement, or

compromise of any civil or administrative remedies available to any agency or department of the

United States or any state or local government.

    5.    Prior to the time of sentencing, the Defendant shall pay a special assessment of

$200.00 pursuant to 18 U.S.C. § 3013. The Defendant shall provide the United States a receipt

or other evidence of payment at the time of sentencing.

    6.    The Defendant agrees that if the Court does not accept her pleas of guilty, this

Agreement shall be null and void.

## Advice of Rights

7.     The Defendant, having been advised of her constitutional rights, including her right to a trial by jury, her right to confront and cross-examine witnesses against her, her right to testify if she so chooses and to call witnesses on her behalf, her right to be represented by an attorney at every stage of the proceedings against her, and her privilege against self-incrimination, knowingly and voluntarily waives these rights and privileges and agrees to enter the pleas of guilty as set forth in this Plea Agreement.

## Factual Basis for Offenses Charged

8.     Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)     For purposes of this Plea Agreement, the relevant period for each Count is that period from at least in or about April 2004 until at least in or about December 2005. During the relevant period, the Defendant was a Lieutenant Colonel with the United States Army National Guard.  From in or about January 2004 through in or about October 2004, and from in or about January 2005 through in or about October 2005, the Defendant was deployed to Baghdad, Iraq, as a Contracting Officer's Representative ("COR") with the Multinational Security Transitional Command—Iraq ("MNSTC-I"), a branch of the Department of Defense.  During the relevant period, the Defendant was a public official within the meaning of 18 U.S.C. § 201(a)(1).

(b)     In April 2004, MNSTC-I solicited bids on a new one-year contract for the construction, maintenance, and operation of several warehouses around Iraq.  The Defendant served as a member of the Source Selection Evaluation Team and was

assigned as the COR after the contract was awarded on or about May 12, 2004. As the

COR, the Defendant authorized work, monitored performance, and verified invoices

submitted by the contractor. The winning contractor, Contractor A, was owned by a

Kuwaiti businessman and run by Co-conspirator One.

       (c)    During the relevant period, the Defendant conspired with others known

and unknown to corruptly demand, seek, and receive goods and other things of value in

return for being influenced in the performance of official acts, in return for committing,

aiding in committing, colluding in, or allowing fraud on the United States, and in return

for being induced to do or omit to do acts in violation of her official duty. In or around

April 2005, as the warehousing contract came up for re-solicitation, Co-Conspirator One

severed his ties with Contractor A and formed his own contracting company, Co-

conspirator Contractor B. In return for goods and other things of value, the Defendant

and co-conspirators arranged for Co-conspirator Contractor B to win the renewal contract

through a rigged selection process.

       (d)    During the relevant period, the Defendant, as a public official, corruptly

demanded, sought, received, and accepted goods and other things of value in return for

being influenced in the performance of official acts, in return for committing, aiding in

committing, colluding in, or allowing fraud on the United States, and in return for being

induced to do or omit to do acts in violation of her official duty. In return for her official

acts in ensuring Co-conspirator Contractor B won the 12-month warehouse renewal

contract, the Defendant demanded, sought, received, and accepted items of value,

including a vacation in Thailand and the proceeds from the sale of a trailer, from Co-

conspirator One and Co-conspirator Contractor B.

(e)    During the relevant period, the Defendant, as a public official with MNSTC-I, accepted more than one bribe from co-conspirators in return for being influenced in the performance of official acts and in return for committing, aiding in committing, colluding in, or allowing fraud on the United States, and in return for being induced to do or omit to do acts in violation of her official duty.  During the relevant period, the Defendant sought, received, and accepted, as bribes, items of value totaling approximately $9,000.

### Sentencing Guidelines and Sentencing Factors

9.    The parties agree that the Defendant's sentencing is governed by the November 2006 United States Sentencing Guidelines, and that the controlling Guideline applicable to the offenses to which the Defendant is pleading guilty is U.S.S.G. § 2C1.1, Offering, Giving, Soliciting, or Receiving a Bribe.  The parties agree that Counts 1 and 2 group pursuant to U.S.S.G. § 3D1.2.  The parties agree to recommend the following Guideline calculations:

2C1.1(a)(1) Base Offense Level ...................................... 14

2C1.1(b)(1) Offense Involved More than One Bribe ....................... 2

2C1.1(b)(2) & 2B1.1(b)(1)(B) Amount of Loss of More than

$5,000 and less than $10,000 .................................... 2

TOTAL .................................................. 18

10.    The Defendant understands that her Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation report by the U.S. Probation Office.  Should the Defendant comply fully with her obligations under this Agreement, the Government will, based on information available as of the date of this Plea Agreement and subject to satisfactory debriefings at which the Defendant is entirely truthful and fully accepts

responsibility for her criminal conduct and continues to accept responsibility for her criminal

conduct up to and including the sentencing date, recommend a downward adjustment of two (2)

levels for acceptance of responsibility under U.S.S.G. § 3E1.1, or three (3) levels for acceptance

of responsibility under U.S.S.G. § 3E1.1 in the event it is determined that her total offense level

is 16 or higher, yielding a net offense level of 15, and recommend a sentence at the low end of

the applicable guidelines range.  The Government, however, will not be required to make these

recommendations if any of the following occurs: (1) the Defendant fails or refuses to make a full,

accurate and complete disclosure to this office or the probation office of the circumstances

surrounding the relevant offense conduct and her present financial condition; (2) the Defendant is

found to have misrepresented facts to the United States prior to entering this Plea Agreement; (3)

the Defendant commits any misconduct after entering into this Plea Agreement, including but not

limited to, committing a state or federal offense, violating any term of release, or making false

statements or misrepresentations to any governmental entity or official; or (4) the Defendant fails

to comply with any terms of this Plea Agreement.  The parties agree that there exists no

aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines

justifying a departure pursuant to U.S.S.G. §5K2.0.

   11. The Defendant understands and agrees that federal sentencing law requires the

Court to impose a sentence which is reasonable and that the Court must consider the advisory

U.S. Sentencing Guidelines in effect at the time of the sentencing in determining a reasonable

sentence.  The Defendant also understands that sentencing is within the discretion of the Court

and that the Court is not bound by this Agreement.  The Defendant understands that the facts that

determine the offense level will be found by the Court at sentencing and that in making those

determinations the Court may consider any reliable evidence, including hearsay, as well as

provisions or stipulations in this Plea Agreement. Both parties agree to recommend that the

Sentencing Guidelines should apply pursuant to <u>United States v. Booker</u> and that they, along with

the other factors set forth under 18 U.S.C. § 3553, provide a fair and just resolution based upon

the facts of this case. The Defendant also states that she has had ample opportunity to discuss,

and has in fact discussed, the impact of the sentencing guidelines and the statutory maximum

sentence with her attorney and is satisfied with her attorney's advice in this case.

12.    The Defendant is aware that the Government is obligated to advise the Court and

the United States Probation Office of all information relevant to sentencing, including, but not

limited to, all criminal activity or relevant conduct engaged in by the Defendant. Such

information shall be used to calculate the Sentencing Guideline range applicable to the

Defendant. The Defendant acknowledges that the Court has not yet determined a sentence and

that any estimate of a probable sentencing range under the guidelines that the Defendant may

have received, or may receive in the future, from her counsel, the Government, or the Probation

Office is a prediction, not a promise, and it is not binding on the Probation Office or the Court.

The Government makes no promise or representation concerning the sentence that the Defendant

will receive, and the Defendant cannot withdraw a guilty plea based on the actual sentence. The

parties understand that the final determination concerning sentencing rests within the sole

discretion of the Court.

13.    If the Court imposes a sentence with which the Defendant is not satisfied, she will

not be permitted to withdraw any guilty plea for that reason nor will she be permitted to

withdraw her plea should the Court decline to follow any recommendations by, or stipulations of,

the parties.

## Agreement to Cooperate

14.     The Defendant agrees to provide entirely truthful, complete and accurate information, and she agrees to cooperate fully with the Government.  This cooperation shall include, but is not limited to, the following:

       (a)     The Defendant agrees to be fully debriefed and to attend all meetings, at her own expense, at which her presence is requested, concerning her participation in, and knowledge of, all criminal activities;

       (b)     The Defendant agrees to withdraw any assertions of privilege and to provide to the Government all documents and other items or material that may be relevant to the investigation and that are in the Defendant's possession, custody or control;

       (c)     The Defendant agrees to waive any privilege that she may have in connection with interviews of, and testimony by, attorney witnesses with information of, or related to, criminal conduct in which she participated or of which she has knowledge. Such waiver does not extend to counsel who now represents the Defendant, in connection with the defense of this criminal matter;

       (d)     The Defendant shall not reveal her cooperation, or any information derived therefrom, to any person other than her attorney of record in this criminal case without the prior consent of the Government; and

       (e)     The Defendant agrees to testify truthfully at any proceeding in the District of Columbia or elsewhere as requested by the Government.

15.     The Government agrees that, pursuant to Section 1B1.8 of the Sentencing Guidelines, no information provided by the Defendant in debriefings or testimony conducted

-8-

after the date of, and pursuant to, this Plea Agreement will be used against her in this case in determining the applicable guideline range for sentencing or as a basis for an upward departure.

16.    The Defendant agrees that the Government may meet with and debrief her without the presence of her attorney, unless the Defendant specifically requests her attorney's presence at such debriefings and meetings.  Upon request of the Defendant, the Government will endeavor to provide reasonable advance notice to counsel of the date, place, and time of meetings and debriefings, it being understood that the Government's ability to provide such notice may vary according to time constraints and other circumstances.  The Government will accommodate reasonable requests to alter the time and place of such debriefings.  It is understood, however, that any cancellations or rescheduling of debriefings or meetings requested by the Defendant that hinder the Government's ability to prepare adequately for trials, hearings or other proceedings may adversely affect the Defendant's ability to provide substantial assistance.  Matters occurring at any meeting or debriefing may be considered by the Government in its determination of whether the Defendant has provided substantial assistance or otherwise complied with the letter and spirit of this Plea Agreement, and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

17.    The Government agrees to consider the nature and extent of the Defendant's cooperation in determining whether she has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  The Defendant acknowledges that the determination of whether she has provided substantial assistance is a decision solely within the discretion of the Government, and the Defendant agrees not to contest that determination.  If the Government concludes that the Defendant has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e),

the Government will file a motion for a downward departure.   If such a motion is filed, the

Government has the right to make a specific recommendation to the sentencing Court regarding

the number of offense levels the Court should depart downward in fashioning an appropriate

sentence, and the United States will also advise the Court of the full nature, extent and timing of

the Defendant's cooperation.

### No Protection for False Statements or Future Criminal Conduct—
### Breach of Plea Agreement

18.     The Defendant shall at all times give complete, truthful and accurate information

and testimony, and she agrees not to commit, or attempt to commit, any further crimes. The

Defendant understands that this Plea Agreement does not protect her from prosecution for

perjury, should she testify untruthfully at any proceeding, or for making false statements in

connection with interviews conducted pursuant to this Agreement or any other statements or

testimony on or after the date of this Agreement.  If it is determined that she has failed to provide

such complete, truthful and accurate information, the Agreement is voidable at the election of the

Government and the Government is no longer bound by the loss, restitution or money judgment

stipulations.  Nor does this Agreement protect her from prosecution for other crimes or offenses

as to which she does not make full admission and give truthful and complete information.

Further, should the Defendant fail to comply with the terms and conditions set forth in this

Agreement, the Government may fully prosecute the Defendant on all criminal charges that can

be brought against the Defendant.  With respect to such a prosecution:

(a)     The Defendant shall assert no claim under the United States Constitution,

any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to

Case 1:07-cr-00295-RBW    Document 3    Filed 10/30/2007    Page 11 of 15

this Agreement or any leads derived therefrom should be suppressed or are inadmissible;

      (b)     The Defendant waives any right to claim that evidence presented in such

prosecution is tainted by virtue of the statements the Defendant has made; and

      (c)     The Defendant waives any and all defenses based on the statute of

limitations with respect to any such prosecution that is not time-barred on the date that

this Agreement is signed by the parties.

      19.     In the event of a dispute as to whether the Defendant has knowingly committed a

breach of this Agreement, and if the Government chooses to exercise its rights under the

preceding paragraph, and if the Defendant so requests, the matter shall be submitted to the Court

and shall be determined by the Court in an appropriate proceeding at which the Defendant's

disclosures and documents shall be admissible and at which time the Government shall have the

burden to establish the Defendant's breach by a preponderance of the evidence.

### Venue

      20.     The Defendant agrees, for purposes of entering her pleas of guilty, sentencing and

all other appropriate proceedings relevant to the filing of this Agreement, to consent to the

jurisdiction of the United States District Court for the District of Columbia.  The Defendant

expressly waives her right to object to venue in the District of Columbia.

### Waiver of Right to Appeal

      21.     The Defendant, knowing and understanding all of the facts set out herein,

including the maximum possible penalty that could be imposed, and knowing and understanding

her right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the

right to appeal any sentence within the maximum provided in the statute of conviction (or the

manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or

on any ground whatever, in exchange for the concessions made by the Government in this Plea

Agreement. The Defendant also knowingly and voluntarily waives her right to challenge her

sentence or the manner in which it was determined in any collateral attack, including but not

limited to a motion brought under 28 U.S.C. § 2255. The waiver in this paragraph does not apply

to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this

waiver or to its negotiation. This Agreement does not affect the rights or obligations of the

United States as set forth in 18 U.S.C. § 3742(b).

### Right of Allocution

22.     The Government reserves the right to allocute as to the nature and seriousness of

the offense and to make a recommendation as to sentencing. The attorneys for the Government

will inform the Court and the Probation Office of: (1) this Agreement; (2) the nature and extent

of the Defendant's activities with respect to this case; and (3) all other information in its

possession relevant to sentencing.

### Non-binding on Non-parties

23.     The Defendant understands that this Agreement binds and limits in any manner

only the Government, defined as the United States Department of Justice, Criminal Division,

Public Integrity Section and Antitrust Division, National Criminal Enforcement Section. This

Agreement does not bind any United States Attorney's Office, nor does it bind any state or local

prosecutor. It also does not bar or compromise any civil or administrative claim pending or that

may be made against the Defendant. If requested, however, the Public Integrity Section and the

National Criminal Enforcement Section will bring this Agreement to the attention of any other

-12-

prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this Plea

Agreement. The Defendant understands that other prosecuting jurisdictions retain discretion

over whether to abide by the provisions of this Agreement.

### Restitution

24.    Pursuant to 18 U.S.C. § 3663A, the Defendant understands and agrees that

restitution to victims of this offense is mandatory. The parties agree that the victim of this

offense is the Department of Defense. The loss to the victim is estimated to be approximately

$9,000 representing the presently known bribe payments solicited or accepted by the Defendant

for all contracts fraudulently awarded in Iraq and Kuwait as the result of the conspiracy and

bribery offenses charged in Counts 1 and 2 in the Information. The parties understand that the

Defendant is entitled to argue for offsets based on the amounts paid or agreed to be paid to the

victim by potentially responsible parties. The Defendant agrees not to transfer or otherwise

encumber her assets except with notice to, and consent of, the undersigned representatives of the

United States until such time as this Agreement is filed with the Court, at which point the

Defendant must seek leave of Court to transfer or otherwise encumber her assets. The parties

agree that the Defendant will not be required to obtain the consent of the United States for

property transfers necessary to pay ordinary living expenses and ordinary business expenses and

attorneys' fees. The Defendant agrees as part of this Plea Agreement that she will provide to the

Government detailed financial information about all income and expenses on a monthly basis

and as requested.

### No Additional Agreements

25.    No promises, agreements, or  conditions have been entered into other than those

expressly set forth in this Plea Agreement, and none shall be entered into or are binding upon the

Defendant and the Government unless expressly set forth in writing, signed by all parties and

physically attached to this Plea Agreement.  This Plea Agreement supersedes any prior promises,

agreements or conditions between the Government and the Defendant.

**Acknowledgments**

**The Defendant**

I, Levonda Selph, hereby expressly acknowledge the following: (1) that I have read this entire Plea Agreement; (2) that I have had an opportunity to discuss this Plea Agreement fully and freely with my attorney; (3) that I fully and completely understand each and every one of its terms; (4) that I am fully satisfied with the advice and representation provided to me by my attorney; and (5) that I have signed this Plea Agreement knowingly, freely and voluntarily.


_8-15-07_
DATE

_Levonda J. Selph_
Levonda Selph


**Counsel for the Defendant**

I, Douglas McNabb, Esq., attorney for Levonda Selph, hereby expressly acknowledge the following: (1) that I have discussed this Plea Agreement with my client; (2) that I have fully explained each one of its terms to my client; (3) that I have fully answered each and every question put to me by my client regarding the Plea Agreement; and (4) in my opinion, my client completely understands the letter and spirit of all of the Plea Agreement's terms.


_8-15-07_
DATE

Douglas McNabb, Esq.


-14-

ON BEHALF OF THE UNITED STATES,


LISA PHELAN, Chief                          WILLIAM M. WELCH II, Chief
National Criminal Enforcement Section       Public Integrity Section
Antitrust Division                          Criminal Division


By: _____                By: _____
EMILY W. ALLEN                              ANN C. BRICKLEY
MARK W. PLETCHER                            RICHARD B. EVANS
Trial Attorneys                             Trial Attorneys
United States Department of Justice         United States Department of Justice
Antitrust Division                          Criminal Division
National Criminal Enforcement Section       Public Integrity Section
1401 H Street, NW                           1400 New York Ave., NW, 12th Floor
Washington, DC 20005                        Washington, DC 20005
(202) 307-0946                              (202) 514-1412
mark.pletcher@usdoj.gov                     ann.brickley@usdoj.gov
emily.allen@usdoj.gov                       richard.b.evans@usdoj.gov


-15-